# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs May 9, 2012

## STATE OF TENNESSEE v. LAWRENCE BROWN

**Appeal from the Davidson County Criminal Court**
**No. 2009-B-1858      Monte Watkins, Judge**

---

### No. M2011-01156-CCA-R3-CD - Filed July 13, 2012

---

Lawrence Brown ("the Defendant") was convicted of two counts of aggravated robbery, a Class B felony. The trial court sentenced the Defendant as a Range I standard offender to twelve years' incarceration. In doing so, the trial court enhanced the Defendant's sentence based upon the following factors: (1) the Defendant has a previous history of criminal convictions or criminal behavior; (2) the offense involved more than one victim; and (3) the Defendant had no hesitation about committing a crime when the risk to human life was high. The Defendant argues on appeal that the trial court erred when it enhanced his sentence based upon his prior convictions, which were misdemeanor traffic offenses. Because we are not permitted to assess the weight given by the trial court to enhancement factors, we conclude that the Defendant is not entitled to relief on this issue. However, because we also determine that the trial court erred in its application of the other two enhancement factors, under the particular facts of this case, we conclude that it is necessary to vacate the judgments of the trial court and remand for resentencing.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Vacated and Remanded.**

JEFFREY S. BIVINS, J., delivered the opinion of the Court, in which JAMES CURWOOD WITT, JR., and JOHN EVERETT WILLIAMS, JJ., joined.

Ryan C. Caldwell, Nashville, Tennessee, for the appellant, Lawrence Brown.

Robert E. Cooper, Jr., Attorney General & Reporter; Clark B. Thornton, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; Debbie Housel and Leticia Alexander, Assistant District Attorneys General, for the appellee, State of Tennessee.

## OPINION

### Background Facts & Procedure

A Davidson County Grand Jury indicted the Defendant on two counts of aggravated robbery. He was tried before a jury November 1-5, 2010, alongside two co-defendants. The evidence at trial showed that on April 19, 2009, the Defendant and his co-defendants robbed at gunpoint Sharaya McDonald and Tahnee Brown ("the victims"). The victims were walking along Fourth Avenue South when they encountered the Defendant and a female co-defendant blocking their path. The Defendant and female co-defendant approached the victims and demanded their purses. The victims initially refused but relented after the Defendant pressed a gun into Brown's stomach. After obtaining the victims' purses, the Defendant and co-defendant ran and got into a car driven by a third co-defendant.

The victims called 911, and the police arrived quickly. The victims gave police a description of the suspects, the getaway vehicle, and their path of escape. Police soon spotted the suspects' vehicle and conducted a stop. The victims were brought to the scene, where they identified the Defendant as the man who held the gun during the robbery. Both victims also identified the Defendant at trial. Based upon this evidence, the jury convicted the Defendant of two counts of aggravated robbery.

On January 20, 2011, the trial court held a sentencing hearing for the Defendant, along with his co-defendants. The State entered the Defendant's presentence report into evidence. The prosecutor also read a victim impact statement that had been prepared by Brown.

The Defendant testified that on the night of the robbery, he was at his house with the co-defendants. He said that they were "relaxing" and that he had ingested cocaine and smoked marijuana. The three left the house and drove around, and according to the Defendant, he "just decided to randomly rob somebody." The Defendant claimed that it was his idea to the rob the victims. He said that he was gainfully employed but "was robbing just to have extra money." The Defendant relayed that he previously had gone with his co-defendants to get a gun "[f]rom somebody else's house." He testified that he "liked having a gun" and had been carrying a gun for about "a year or something . . . [b]efore this incident."

At the conclusion of the proof at the sentencing hearing, the court found the Defendant to be a Range I standard offender. Thus, the applicable sentencing range for each aggravated robbery conviction was between eight and twelve years. Regarding enhancement factors, the trial court initially found that the offenses involved more than one victim and that the Defendant had no hesitation about committing a crime when the risk to human life was

high.  On the basis of these enhancement factors, the trial court preliminarily sentenced the Defendant to serve ten years' concurrently for each conviction.

As the trial court began to sentence one of the co-defendants, it became clear that the court had not considered the Defendant's criminal history.  The court then noted that the Defendant had a series of misdemeanor traffic offenses.  On the basis of these convictions, the trial court applied as an additional enhancement factor that the Defendant had a previous history of criminal activity or criminal behavior.  The trial court then pronounced its final sentence of twelve years' incarceration on each conviction to run concurrently.  The trial court also reviewed the applicable sentencing principles and found that confinement was necessary to avoid depreciating the seriousness of the offenses and that confinement was particularly suited to provide an effective deterrent for others likely to commit a similar offense.

The Defendant appeals, arguing that the trial court erred when it increased his sentence from ten years to twelve years on the basis of his misdemeanor convictions.

## Standard of Review

When a defendant challenges the length, range, or manner of service of a sentence, the applicable standard of review is de novo on the record with a presumption of correctness. Tenn. Code Ann. § 40-35-401(d) (2006).  However, this presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances."  State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).  If the trial court did not do so, then the presumption fails, and this Court's review is de novo with no presumption of correctness.  State v. Pierce, 138 S.W.3d 820, 827 (Tenn. 2004).  If the trial court considered the statutory criteria, imposed a lawful but not excessive sentence, stated its reasons for the sentence on the record, and its findings are supported by the record, then this Court is bound by the trial court's decision.  State v. Carter, 254 S.W.3d 335, 346 (Tenn. 2008).  On appeal, the party challenging the sentence has the burden of demonstrating that it is improper. Tenn. Code Ann. § 40-35-401, Sentencing Comm'n Cmts.; Carter, 254 S.W.3d at 344.

As we will explain, we conclude that the trial court erred in its application of certain enhancement factors.  Therefore, our review is de novo with no presumption of correctness.

Analysis

In conducting a de novo review, this Court must consider the following: (a) any evidence adduced at the trial and the sentencing hearing; (b) the presentence report; (c) the principles of sentencing and arguments of counsel regarding sentencing alternatives; (d) the nature and characteristics of the criminal conduct; (e) any enhancement or mitigating factors as provided in Tennessee Code Annotated sections 40-35-113 and 40-35-114; (f) any statistical information provided by the Administrative Office of the Courts as to Tennessee sentencing practices for similar offenses; and (g) any statement made by the defendant on his or her own behalf about sentencing. Tenn. Code Ann. § 40-35-210(b) (2006); see also Carter, 254 S.W.3d at 343.

The principles of sentencing reflect that a sentence of confinement should be based upon the following considerations:

> (A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
>
> (B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or
>
> (C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant.

Tenn. Code Ann. § 40-35-103(1) (2006); see also Carter, 254 S.W.3d at 347. Additionally, the principles of sentencing reflect that the sentence should be no greater than that deserved for the offense committed and should be the least severe measure necessary to achieve the purposes for which the sentence is imposed. Id. § 40-35-103(2), (4). A defendant's potential for rehabilitation or lack thereof is also a consideration when determining the length of sentence. Id. § 40-35-103(5).

In imposing a sentence within the appropriate range of punishment, a trial court shall consider, but is not bound by, the following advisory sentencing guidelines:

> (1) The minimum sentence within the range of punishment is the sentence that should be imposed, because the general assembly set the minimum length of sentence for each felony class to reflect the relative seriousness of each criminal offense in the felony classifications; and

(2) The sentence length within the range should be adjusted, as appropriate, by the presence or absence of mitigating and enhancement factors set out in §§ 40-35-113 and 40-35-114.

Tenn. Code Ann. § 40-35-210(c)(1)-(2) (2006). From this, "the trial court is free to select any sentence within the applicable range so long as the length of the sentence is 'consistent with the purposes and principles of [the Sentencing Act].'" Carter, 254 S.W.3d at 343 (quoting Tenn. Code Ann. § 40-35-210(d)).

Of relevance to this case, the trial court considered the following factors to enhance the Defendant's sentence:

(1) The defendant has a previous history of criminal convictions or criminal behavior, in addition to those necessary to establish the appropriate range;

(3) The offense involved more than one (1) victim; [and]

(10) The defendant had no hesitation about committing a crime when the risk to human life was high.

Tenn. Code Ann. § 40-35-114 (1), (3), (10) (Supp. 2008). In order to apply, enhancement factors must always be "appropriate for the offense" and "not already an essential element of the offense." Id.

As noted above, the trial court found the Defendant to be a Range I standard offender, which carries a sentencing range on a Class B felony of between eight and twelve years. Tenn. Code Ann. §§ 40-35-105(b) (2006); 40-35-112(a)(2) (2006). In reaching its sentencing determination, the trial court applied the three enhancement factors cited above. However, due to some confusion at the sentencing hearing, the trial court initially sentenced the Defendant to ten years applying only factors (3) and (10). A few moments later, the court then revised its sentence to twelve years after finding factor (1) applied due to the Defendant's misdemeanor traffic offenses.

The Defendant argues on appeal that the trial court abused its discretion by increasing his sentence from ten years to twelve years based upon misdemeanor criminal convictions. However, as noted by the State, the Defendant's argument is essentially that the trial court improperly weighed the enhancement factors. As discussed by our supreme court in Carter, "the 2005 amendments [to the Sentencing Act] deleted as grounds for appeal a claim that the trial court did not weigh properly the enhancement and mitigating factors." Carter, 254 S.W.3d at 344. Consequently, while the manner in which the trial court pronounced its

sentence provides insight into the weight it gave the respective enhancement factors, the Defendant, nevertheless, is not entitled to relief on his claim that the trial court assigned too much weight to his criminal history.

Under the facts of this case, however, we must go further with our analysis. Although not raised as an issue by the Defendant, the State concedes in its brief that the trial court erred in its application of enhancement factors (3) and (10). We agree.

First, enhancement factor three applies when "[t]he offense involved more than one (1) victim." Tenn. Code Ann. § 40-35-114(3). However, this factor may not be applied when a defendant is convicted of separate offenses against each victim. State v. Imfeld, 70 S.W.3d 698, 706 (Tenn. 2002) ("[T]here cannot be multiple victims for any one offense . . . committed against a specific, named victim."); see also State v. Williamson, 919 S.W.2d 69, 82 (Tenn. Crim. App. 1995) ("This Court has held that this factor may not be applied to enhance a sentence when the appellant is separately convicted of the offenses committed against each victim."). In this case, the aggravated robbery charges were for separate offenses against specific, individual victims, i.e., Brown and McDonald. Therefore, the trial court should not have applied enhancement factor (3).

Likewise, the trial court should not have applied enhancement factor (10), which applies when "[t]he defendant had no hesitation about committing a crime when the risk to human life was high." Tenn. Code Ann. § 40-35-114(10). The Defendant's convictions for aggravated robbery were based upon his using or displaying a deadly weapon. This Court has held that "there is necessarily a high risk to human life . . . whenever a deadly weapon is used." State v. Nix, 922 S.W.2d 894, 903 (Tenn. Crim. App. 1995). Thus, we have held that enhancement factor (10) is inherent in the crime of aggravated robbery and should not be applied absent proof that the Defendant created a high risk to the life of a person other than the victim. See State v. Monoleto D. Green, No. M2003-02774-CCA-R3-CD, 2005 WL 1046800, at *13 (Tenn. Crim. App. May 5, 2005). No such proof exists in this case. Accordingly, we conclude that the trial court also should not have applied enhancement factor (10).

The State counters that the trial court's overall sentencing determination is nonetheless supported by the record because of the Defendant's prior criminal activity and behavior. The State notes that, in addition to his misdemeanor convictions, the Defendant admitted to using illegal drugs and to carrying guns for approximately one year before the instant offenses. We agree that this criminal behavior supports the trial court's application of enhancement factor (1) and, standing alone, potentially could support the imposition of a twelve-year sentence. The trial court, however, indicated that it only intended to impose a sentence of ten years based upon the two enhancement factors that were applied incorrectly. Only after applying

the additional factor of the Defendant's prior criminal record and criminal behavior did the trial court decide to impose the maximum sentence of twelve years. Under these specific circumstances, we cannot be certain that the trial court would choose to sentence the Defendant at the maximum end of the sentencing range based upon this factor alone. Therefore, we conclude that we must vacate the sentence imposed and remand for resentencing.

## CONCLUSION

For the reasons stated above, we vacate the trial court's twelve-year sentence and remand for further proceedings consistent with this opinion.

_____
JEFFREY S. BIVINS, JUDGE